UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| SANDRA E. PARLIER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 2:15-CV-334-RLJ |
| | ) 2:12-CR-39-RLJ-8 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 375]. She bases her request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague [*Id.*]. The United States responded in opposition on January 21, 2016 [Doc. 380]. For the following reasons, Petitioner's § 2255 petition [Doc. 375] will be **DISMISSED WITH PREJUDICE**.

**I.  BACKGROUND**

In November of 2012, a jury convicted Petitioner of conspiring to manufacture at least fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Doc. 336]. Based on the minimum drug quantity inherent in her conviction—fifty grams of methamphetamine—the United States Probation Office assigned her an offense level of 32 [Presentence Investigation Report ("PSR") ¶ 24], resulting in an advisory Guideline range of 151 to 188 months' imprisonment when combined with her criminal history category of III [*Id.* ¶¶ 36, 54, 55 (noting application of the ten year statutory mandatory minimum)]. The Court sentenced Petitioner to a below-range term of 135 months' incarceration [Doc. 336].

Petitioner appealed, but the Sixth Circuit Court of Appeals affirmed her conviction and sentence on June 27, 2014 [Docs. 343, 344]. The United States Supreme Court denied certiorari slightly over four months later on November 3, 2014 [Doc. 346]. In March of 2015, Petitioner filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782 [Docs. 356, 358]. Before the Court could rule on her request for a reduction in sentence, Petitioner filed the current § 2255 motion, speculating that the Court "unspokenly" and erroneously applied either the Armed Career Criminal Act or Guideline Section 4B1.1's career-offender enhancement to her case at sentencing [Doc. 375 pp. 4, 13 (asserting that she "feels that her sentence was [improperly] enhanced" based on one of these two provisions)].

## II. ANALYSIS

Petitioner's argument that she no longer possesses predicate offenses sufficient to support her categorization as an armed career criminal under § 924(e) or career-offender under Section 4B1.1 fails because her sentence was based on the quantity of drugs for which she was held responsible under § 841(a)(1)—fifty grams of methamphetamine, not ACCA or career-offender enhancement [PSR ¶¶ 24, 36, 54, 55; Doc. 336].[1] As such, *Johnson* is inapposite to her case.

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a

2

## IV. CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion [Doc. 375] will be **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

---

controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).