UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| SANDRA E. PARLIER, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:12-CR-39-RLJ-8 |
| | ) | 2:15-CV-334-RLJ |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

On December 17, 2015, Petitioner filed a pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 375]. In it, she challenged her sentence based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on January 21, 2016 [Doc. 380]. Petitioner did not reply in the time allotted for her to do so. E.D. Tenn. L.R. 7.1, 7.2. In a Memorandum Opinion and Judgment Order, this Court denied and dismissed the petition with prejudice [Docs. 383, 384]. Petitioner now requests that the Court alter its judgment pursuant to Federal Rule of Civil Procedure 59(e) [Doc. 385]. *See Williams v. Thaler*, 602 F.3d 291, 303-304 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").

## I.  STANDARD OF REVIEW

A motion to alter or amend judgment under Rule 59(e) may be granted for a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). It

is improper to use the motion "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citation omitted). The Court's discretion to grant relief must be used sparingly, as revising a final judgment is an extraordinary remedy. *Ira Green, Inc. v. Military Sales & Service Co.*, 775 F.3d 12, 18 (1st Cir. 2014).

## II.   NATURE AND EXTENT OF PRIOR HOLDING

The § 2255 motion contained a single request: unspecified sentencing relief based on *Johnson*.[1] This Court rejected that request, holding as follows:

> Petitioner's argument that she no longer possesses predicate offenses sufficient to support her categorization as an armed career criminal under § 924(e) or career-offender under Section 4B1.1 fails because her sentence was based on the quantity of drugs for which she was held responsible under § 841(a)(1)—fifty grams of methamphetamine, not ACCA or career-offender enhancement [PSR ¶¶ 24, 36, 54, 55; Doc. 336]. As such, *Johnson* is inapposite to her case.

[Doc. 383 p. 2]. This Court denied the petition because it did not identify a basis for relief.

---

[1]   The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

2

## III.  REQUEST FOR RECONSIDERATION OF JUDGMENT

Petitioner raises a single argument in support of reconsideration: this Court erred because it denied her petition based on the fact that "*Johnson* was inapposite" and "apparently did not see or chose not to reach Petitioner's contention that her enhanced sentence was procedurally deficient" [Doc. 385 pp. 1–2]. Specifically, she argues that she is entitled to collateral relief from her sentence because she never received a copy of the § 851 notice filed by the United States [*Id.*].

Rule 59(e) is not a vehicle through which the parties can "raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see also Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612 (6th Cir. 2010) (same); *Moore v. Coffee Cnty.*, 402 F. App'x 107, 109 (6th Cir. 2010) (same); *Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 434 (6th Cir. 2005) (stating that the plaintiff cited no authority that could support a finding of "manifest injustice under Rule 59(e) when the movant neglected to raise the issue before" judgment). Stated another way, "Rule 59(e) motions are aimed at re-consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992).

Despite Petitioner's suggestion to the contrary [Doc. 385 p. 2], neither her petition nor contemporaneously-filed "motion for re-sentencing" challenge her sentence based on the absence of, or a defective, notice of enhancement under § 851. Because she did not raise that challenge prior to this Court's entry of judgment on May 2, 2016, she cannot do so for the first time now.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's request that the Court alter or amend its May 2, 2016 Memorandum Opinion and Judgment Order [Doc. 385] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge